RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 12-8-06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY LAMONT McKINNEY | CIVIL ACTION NO. 06-1682 |
| VS. | SECTION P |
| FREDRICK MENIFEE, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2241) filed by pro se petitioner Anthony Lamont McKinney on September 25, 2006. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana, where he is serving the 192-month sentence imposed following his April 2003 conviction for being a felon in possession of a firearm [18 U.S.C. §§9222(g)(1) and 924(e)(1)] in the United States District Court for the Middle District of North Carolina.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

Petitioner was charged with being a felon in possession of a firearm in the United States District Court for the Middle

District of North Carolina. On April 30, 2003 he pled guilty. On August 26, 2003 he was sentenced to serve 192-months imprisonment. United States of America v. Anthony Lamont McKinney, No. 1:03-cr-00041 (U.S.D.C. - M.D.N.C.).

Petitioner appealed the denial of his motion to suppress to the United States Fourth Circuit Court of Appeals. On May 28, 2004 his conviction was affirmed. United States of America v. Anthony Lamont McKinney, 98 Fed.Appx. 245 (4th Cir. 2004), 2004 WL 1179353 (unpublished). His petition for *certiorari* was denied by the United States Supreme Court on October 12, 2004. McKinney v. U.S., 543 U.S. 937, 125 S.Ct. 343, 160 L.Ed.2d 243 (2004).

On March 2, 2005 petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255 in the United States District Court for the Middle District of North Carolina. Therein he alleged, among other things, that his guilty plea was unknowing and involuntary because counsel failed to inform him that interstate commerce was an essential element of the offense charged. On December 2, 2005 his §2255 Motion was denied and dismissed with prejudice. Anthony Lamont McKinney v. United States of America, No. 1:05-cv-0215 (U.S.D.C. - M.D.N.C.)

His appeal to the Fourth Circuit Court of Appeals was dismissed on August 16, 2006. U.S.A. v. Anthony Lamont McKinney, 2006 WL 2373485 (4th Cir. 2006)(unpublished).

Petitioner filed the instant petition for writ of *habeas*

*corpus* on September 25, 2006. He argues two claims for relief, "The District Court lacked subject matter jurisdiction to prosecute ... sentence and convict petitioner...", and, "Plea was not voluntary ... counsel ... did not inform petitioner of the adequate elements of commerce." [doc. 1-1, pp. 4-5[1]]

### Law and Analysis

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective

---

[1] In his Memorandum, petitioner set forth two issues presented for review: (1) "Whether Congress has legislative authority under the Commerce Clause to regulate non-commercial activity surrounding an article or commodity that had, at one time, been subject to federal regulation?" [doc. 1-3, p. 3] and, (2) "Whether Congress intended to punish criminally the mere intrastate possession of a firearm that had been shipped or transported in interstate or foreign commerce when it enacted 18 U.S.C. §922(g)?" [*id.*, p. 15]

to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his conviction under 18 U.S.C.§ 922(g)(1). His claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that: (1) his claim is based on a <u>retroactively applicable Supreme Court</u> decision which establishes

that he may have been convicted of a nonexistent offense, <u>and</u> (2) his claim was <u>foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion</u>. Reyes-Requena, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate.

Therefore, his petition for writ of *habeas corpus* must be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _December_____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE